UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DEWAYNE FORD,<br><br>Defendant. | 3:15-CV-03005-RAL<br><br><br>OPINION AND ORDER<br>GRANTING PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT |

The United States of America ("United States"), by its counsel, Randolph J. Seiler, Acting United States Attorney for the District of South Dakota, and Cheryl Schrempp DuPris, Assistant United States Attorney, has brought this action against John Dewayne Ford ("Ford") to recover damages and civil penalties pursuant to 18 U.S.C. § 641 for the false and fraudulent claims Ford knowingly submitted to the United States Railroad Retirement Board ("RRB"). Doc. 1. The United States also sought damages for common law fraud, unjust enrichment, and payment by mistake. Doc. 1. For the reasons explained below, the United States' Motion for Summary Judgment is granted.

I.      FACTS[1]

Ford was employed by the Dakota, Minnesota, and Eastern Railroad ("DM&E") as a conductor and engineer between May 13, 2010 and April 16, 2012. Doc. 7 at ¶ 1. Between that

---

[1]Pursuant to Fed. R. Civ. P. 56(e) and D.S.D. Civ. LR 56.1D, the United States' Statements of Undisputed Material Facts, Doc. 7, are deemed admitted and considered undisputed for the purposes of this motion.

1

same time, May 13, 2010 to April 16, 2012, in the District of South Dakota and elsewhere, Ford knowingly and willfully embezzled, stole, purloined, or converted money belonging to the United States to his own use by apply for and receiving unemployment insurance benefits to which he knew he was not entitled. Doc. 7 at ¶ 2. Ford submitted forty false claims to the RRB[2] to obtain unemployment insurance benefits. Doc.7 at ¶ 3. For each claim, Ford certified with his electronic signature on the bottom of the claim form that he understood the requirements for claiming unemployment benefits, that he had read the literature explaining eligibility requirements, and that he knew civil and criminal penalties may be imposed for false statements or claims or for withholding information to get benefits. Doc. 7 at ¶ 4. Ford further certified on each claim form that the information provided was "true, correct, and complete." Doc. 7 at ¶ 4. Among the questions Ford answered for each claim was question 5(a) which asked: "Have you worked for a non-railroad employer since your last day of railroad work?" Doc. 7 at ¶ 5. On all claims, Ford answered question 5(a) "no." Doc. 7 at ¶ 5. Ford knew that he was required to report all full-time and part-time work to the RRB and that if he submitted claims with "no" answered to question 5(a) he would receive unemployment benefits. Doc. 7 at ¶ 6. Ford falsely certified that he had not worked on certain days, when in fact he worked for and received compensation from other employers during the relevant time period. Doc. 7 at ¶ 7. Each of the certifications on Ford's claim forms was material to the claim. Doc. 7 at ¶ 9. As part of Ford's scheme to defraud, he submitted false claims for unemployment benefits to the RRB knowing that he was ineligible for unemployment benefits, and Ford, knowing that the claims forms were false, acted in deliberate ignorance of the truth or falsity of his employment information or acted

---

[2]The Railroad Unemployment Insurance Act ("RUIA"), as amended, 45 U.S.C. §§ 351–369, provides unemployment benefits to qualified employees, and the RRB is authorized to pay those benefits according to terms of the RUIA.

2

in reckless disregard of his employment information. Doc. 7 at ¶¶ 8, 10. As a result of Ford's conduct, the RRB paid Ford unemployment benefits, totaling $19,728.00. Doc. 7 at ¶ 11.

Ford was indicted by a federal grand jury and pleaded guilty to the felony offense of theft of government property in violation of 18 U.S.C. § 641 for knowingly submitting fraudulent claims for unemployment benefits to the RRB. Doc. 7 at ¶ 12; see United States v. John Dewayne Ford, 3:13-CR-30099-RAL-1 (D.S.D. 2013). This Court sentenced Ford to a term of three years probation and restitution was ordered payable to the RRB in the amount of $19,728.00. Doc. 7 at ¶ 13. The United States then initiated this civil action against Ford. Doc. 1. Ford was served with the Complaint on April 13, 2015, and having failed to file an Answer to the Complaint, he is in default. Doc. 4; Doc. 7 at ¶¶ 14–15. The United States nevertheless filed a Motion for Summary Judgment on October 22, 2015, to which Ford did not respond.

## II. SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Littleton v. McNeely, 562 F.3d 880, 885 (8th Cir. 2009) (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 251–52 (1986)). Rule 56 places the burden initially on the moving party to clearly establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Once the moving party has met that burden, the nonmoving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing

3

that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B); Gacek v. Owens & Minor Distribution, Inc., 666 F.3d 1142, 1145–46 (8th Cir. 2012). On summary judgment, courts view the evidence "and reasonable inferences in the light most favorable to the nonmoving party." Robbins v. Becker, 794 F.3d 988, 992 (8th Cir. 2015).

### III. DISCUSSION

The United States alleges in Count One of the Complaint that Ford violated 31 U.S.C. § 3729(a)(1) when he knowingly submitted false or fraudulent claims to he RRB for unemployment benefits. Doc. 1 at 5. Pursuant to the False Claims Act ("FCA"), a person cannot "knowingly present[], or cause[] to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). To prove a prima facie case, the United States must prove that (1) Ford made a claim against the United States; (2) that Ford's claim was false or fraudulent; and (3) that Ford knew the claim was false or fraudulent. Id. To act "knowingly" under the FCA, Ford must either have actual knowledge of the information, act in deliberate ignorance of the truth or falsity of the information, or act in reckless disregard of the truth or falsity of the information. § 3729(b)(1)(A)(i)–(iii). The United States is not required to prove that Ford had a specific intent to defraud the government. § 3729(b)(1)(B). The Eighth Circuit Court of Appeals has held that a previously accepted guilty plea and admissions in a criminal case establish both the essential elements of the offense and the requisite mental state for a false claim under the FCA. United States v. Aleff, 772 F.3d 508, 510 (8th Cir. 2014).

There is no dispute as to the facts establishing the charge to which Ford ultimately entered a plea of guilty. Those facts are the same facts in this civil proceeding. Thus, there is no reason not to grant summary judgment to the United States because there are no genuine issues

4


as to any material facts. Aleff, 772 F.3d at 510; see also Littleton, 562 F.3d at 885 (noting central inquiry is whether evidence presented "is so one-sided that one party must prevail as a matter of law"); Hernandez-Uribe v. United States, 515 F.2d 20, 22 (8th Cir. 1975) (noting collateral estoppel applies equally to guilty pleas); 31 U.S.C. § 3731(e) (same). The United States has set forth that Ford applied for RRB unemployment benefits as part of a scheme to defraud the United States, and Ford knowingly presented those false or fraudulent claims to obtain payment of unemployment benefits by falsely certifying that he was unemployed, when in reality he was employed at DM&E. Each of the forty claims that were submitted between May 13, 2010 and April 16, 2012 contained a material and false answer to question 5(a), which Ford knowingly and falsely answered "no" in order to receive unemployment benefits. Ford also completed each claim by certifying with his signature that the information he provided was "true, correct, and complete," that he understood the requirements, read the eligibility criteria, and knew of the potential civil and criminal penalties he could face. Ford ultimately received $19,728.00 from the RRB as a result of submitting those false and fraudulent claim forms to the RRB in violation of 31 U.S.C. § 3729(a)(1)(A).

Because Ford has violated § 3729(a)(1)(A), he is statutorily liable to the United States for a civil penalty of not less than $5,500 and not more than $11,000, plus three times the amount of damages which the United States sustains. § 3729(a)(1); 15 C.F.R. § 6.4(a)(2) (providing for inflation adjustments to amount of civil penalty listed in § 3729(a)(1)); see also United States v. Coop. Grain & Supply Co., 476 F.2d 47, 63 (8th Cir. 1973) (stating that the United States can recover only the damages that it has actually suffered after having entered into the transaction, plus the statutory penalties). The amount of actual damages that the United States suffered is

$19,728, the total amount Ford fraudulently received from the RRB between May 13, 2010 and April 16, 2012. Three times the actual damages, as provided by § 3729(a)(1), is $59,184.

The United States also requests a minimum civil penalty of $5,500 be imposed for each of the forty times Ford submitted a fraudulent benefit claim to the RRB. Doc. 6 at 9. It is within the authority of this Court to assess such a compounded minimum penalty. Compare Aleff, 772 F.3d at 511–12 (finding that treble damage award of $303,890 plus per-claim civil penalty of $660,000 for 132 separate false claims did not violate the Double Jeopardy Clause), with Appellee's Brief, United States v. Aleff, 772 F.3d 508 (8th Cir. 2014) (No. 14–1527), 2014 WL 3421227, at 18 (outlining costs). Although this Court would prefer to fashion a remedy that would assess a single minimum penalty of $5,500 for the ongoing scheme, the Supreme Court of the United States stated in United States v. Bornstein, 423 U.S. 303, 313 (1976) that the correct application of the statutory language in § 3729(a)(1) for civil penalties requires "that the focus in each case be upon the specific conduct of the person from whom the Government seeks to collect the statutory forfeitures." In this case, Ford knowingly submitted forty separate claim forms (on separate dates spanning approximately two years), certified each separate form, and received forty separate payments from the RRB. Doc. 1-4 at 1. Therefore, based on Ford's conduct, this Court finds that the minimum penalty of $5,500 is warranted for each of the forty false claims that were submitted to the RRB. See United States v. Ehrlich, 643 F.2d 634, 638 (9th Cir. 1981) (noting that Bornstein "strongly suggests that, if a person knowingly causes a specific number of false claims to be filed, he is liable for an equal number of forfeitures"); Brown v. United States, 524 F.2d 693, 705–06 (Ct. Cl. 1975) (penalty for fourteen separate purchase orders because contractor was paid per purchase order submitted). Thus, a total civil penalty of $220,000 shall also be imposed against Ford.

## IV. CONCLUSION

Therefore, it is hereby

ORDERED that the United States' Motion for Summary Judgment, Doc. 5, is granted. It is further

ORDERED that judgment is entered in favor of the United States and against John Dewayne Ford in the amount of two hundred seventy-nine thousand, one hundred eighty-four dollars ($279,184.00). It is further

ORDERED that interest will accrue at the legal rate until paid, pursuant to 28 U.S.C. § 1961(a). It is further

ORDERED that the United States shall be entitled to recover taxable costs which are to be taxed by the Clerk of Court as provided by law.

DATED this 21st day of December, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE